IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**ANTHONY D. COOPER,**

**Plaintiff,**

   vs.         Case No. 1:13CV86/MP/MD

**CAROLYN W. COLVIN,**
**Action Commissioner of the**
**Social Security Administration,**

**Defendant.**

_____

**REPORT and RECOMMENDATION**

  This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Rules 72.1(A), 72.2(D) and 72.3 of the local rules of this court relating to review of administrative determinations under the Social Security Act and related statutes.  It is now before the court pursuant to 42 U.S.C. § 405(g) of the Social Security Act for review of a final determination of the Commissioner of Social Security (Commissioner) denying claimant Cooper's application for disability insurance benefits and Supplemental Security Income benefits under Titles II and XVI of the Act.

  Upon review of the record before this court, it is the opinion of the undersigned that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

## PROCEDURAL HISTORY

Mr. Cooper filed applications for benefits claiming an onset of disability as of December 31, 2006. The applications were denied initially and on reconsideration, and he requested a hearing before an administrative law judge (ALJ). A hearing was held on November 30, 2011 at which Mr. Cooper was represented by a non-attorney representative, and testified. A vocational expert also testified. The ALJ entered an unfavorable decision (Tr. 18-26) and Mr. Cooper requested review by the Appeals Council without submitting additional evidence. The Appeals Council declined review (Tr. 1-4). The Commissioner has therefore made a final decision, and the matter is subject to review in this court. *Ingram v. Comm'r of Soc. Sec. Admin*, 496 F.3d 1253, 1262 (11th Cir. 2007); *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998). This timely appeal followed.

## FINDINGS OF THE ALJ

Relative to the issues raised in this appeal, the ALJ found that Mr. Cooper meets the insured status requirements of the Act through September 30, 2011; that he has not engaged in substantial gainful activity since December 31, 2006; that he has severe impairments of (1) status post right wrist fracture with right wrist arthritis, and, (2) status post right hip fracture after open reduction and internal fixation with no signs of significant impairment regarding his hips; that he does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1; that he has the residual functional capacity to perform light work with some limitations; that he was 37 years old at the time of the decision, a younger individual; that he has at least a high school education and can communicate in English; that there are jobs that exist in significant numbers in the national economy that he can perform; and that he has not been disabled as defined in the Act from December 31, 2006.

## STANDARD OF REVIEW

In Social Security appeals, this court must review de novo the legal principles upon which the Commissioner's decision is based. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Chester v. Bowen,* 792 F.2d 129, 131 (11th Cir. 1986)). There is no presumption that the Commissioner followed the appropriate legal standards in deciding a claim for benefits, or that the legal conclusions reached were valid. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996); *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002). Failure to either apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

The court must also determine whether the ALJ's decision is supported by substantial evidence. *Moore*, 405 F.3d at 1211 (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)). Even if the proof preponderates against the Commissioner's decision, if supported by substantial evidence, it must be affirmed. *Ingram*, 496 F.3d at 1260; *Miles*, 84 F.3d at 1400. Substantial evidence is more than a scintilla but less than a preponderance, and encompasses such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Moore*, 405 F.3d at 1211 (citation omitted). In determining whether substantial evidence exists, the court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Secretary's decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence. *Moore*, 405 F.3d at 1211 (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). Findings of fact of the Commissioner that are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g); *Ingram*, 496 F.3d at 1260.

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Social Security regulations establish a five-step evaluation process to analyze claims for both SSI and disability insurance benefits. *See Moore,* 405 F.3d at 1211; 20 C.F.R. § 416.920 (2009) (five-step determination for SSI); 20 C.F.R. § 404.1520 (2009) (five-step determination for DIB). A finding of disability or no disability at any step renders further evaluation unnecessary. *See* 20 C.F.R. § 416.920; 20 C.F.R. § 404.1520. The steps are:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe physical or mental impairment that meets the duration requirement?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 to subpart P of 20 C.F.R. Part 404 and meet the duration requirement?

4. Considering the individual's residual functional capacity, can the individual perform past relevant work?

5. Can the individual perform other work given the individual's residual functional capacity, age, education and work experience?

*Id*.

These regulations place a very heavy burden on the claimant to demonstrate both a qualifying impairment or disability and an inability to perform past relevant work. *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir.1985)). If the claimant establishes such an impairment, the burden shifts to the Commissioner at step 5 to show the existence of other jobs in the national economy

which, given the claimant's impairments, the claimant can perform. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *Allen v. Bowen,* 816 F.2d 600, 601 (11th Cir. 1987). If the Commissioner carries this burden, claimant must prove that he cannot perform the work suggested by the Commissioner. *Doughty,* 245 F.3d at 1278 n.2; *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).

## PLAINTIFF'S MEDICAL HISTORY

Mr. Cooper's medical history is not extensive. He was injured in a motorcycle accident in October, 1988. He initially had a seizure in the emergency room, but responded to painful stimuli, and the matter resolved without further intervention. He also sustained (1) a closed head injury which resolved without surgery, (2) a fracture to his right femur just below the hip, which was surgically repaired by open reduction and internal fixation, and (3) a dislocated lunate bone in his right wrist, which was treated with closed reduction and percutaneous pinning. He was discharged after twenty-two days with instructions to see his treating physician in two weeks (Tr. 243-48).

Mr. Cooper worked as a construction laborer for the next eighteen years without any record of medical care. He says became disabled on December 31, 2006.

The next recorded medical treatment is dated August 24, 2010, almost four years after the date of his claimed disability onset. He was seen at the ACORN Clinic in Gainesville, Florida, complaining of chronic pain in his right hip and femur (Tr. 318-9). In his initial history form he indicated that, among other things, he could walk 400 yards (Tr. 338). X-rays of the hips disclosed no hardware loosening, and "very minimal early degenerative changes bilaterally, a little bit more advanced on the right." (Tr. 313).

Mr. Cooper returned on September 21, 2010, complaining of pain in his right wrist. On examination there was no obvious problem, and the doctor diagnosed probable degenerative joint disease in his wrist. X-rays showed instability in the wrist, or slack wrist deformity. Mr. Cooper declined surgery and was given a wrist

splint (Tr. 316, 325, 335). On November 15, 2010, a grip test showed his left hand grip was at the 95th percentile. His right hand grip was at the 1st percentile (Tr. 341).

A day later, Mr. Cooper was seen by Lance Chodosh, M.D., for a consultative examination at the request of the state agency (Tr. 348). He told Dr. Chodosh that pain limited his walking to 20 yards (versus the 400 yards he had claimed three months earlier) and standing to 30 minutes (Tr. 349). Dr. Chodosh noted that Mr. Cooper walked with a cane, but observed that he appeared healthy, well nourished, and sturdily built. Mr. Cooper was fully oriented, had normal speech pattern, appropriate thought content, and normal affect (*id.*). Dr. Chodosh noted slightly decreased range of motion in the right wrist and hip, but normal muscle strength, no evidence of edema, cyanosis, clubbing, deformity, or atrophy in the extremities, and no neurological or sensory abnormalities (Tr. 345, 350). Dr. Chodosh also noted mild callus formation on both hands, indicating use (Tr. 350). He assessed right wrist arthritis with evidence of mild-to-moderate functional impairment and a history of a right femoral fracture with no signs of significant impairment (Tr. 351). He also noted that Mr. Cooper's right hand grip strength was "limited by poor effort." (Tr. 350) Based on this examination, Dr. Chodosh opined that Mr. Cooper was able to stand and walk without the use of an assistive device, sit, bend at the waist, squat occasionally, kneel, lift and carry up to forty pounds, and handle objects relatively well (*Id.*).

On January 19, 2011, P.S. Krishnamurthy, M.D., a state agency physician, reviewed Mr. Cooper's medical records and opined that he could lift, carry, push, or pull up to 20 pounds occasionally and ten pounds frequently; and sit, stand, or walk about six hours out of an eight-hour day (Tr. 370). Dr. Krishnamurthy further opined that Mr. Cooper could occasionally climb ladders, ropes, or scaffolds, stoop, and crouch, and frequently climb ramps or stairs, balance, kneel, and crawl (Tr. 66). Dr. Krishnamurthy also felt that Mr. Cooper was limited in his ability to handle and finger with his right hand (Tr. 372).

## DISCUSSION

Mr. Cooper argues that the ALJ erred in failing to develop the record fully regarding his mental health impairment, and in failing to apply the Eleventh Circuit's pain standard properly, and that he was disabled from his onset date. The Commissioner argues that the ALJ's findings were supported by substantial evidence and must, therefore, be sustained. The issue thus presented is whether the ALJ's decision that Mr. Cooper was not disabled, in light of his physical and mental condition, age, education, work experience, and residual functional capacity, is supported by substantial evidence in the record.

1.   **Development of the record concerning mental health.**

The Social Security disability benefits process is inquisitorial rather than adversarial, *Sims v. Apfel*, 530 U.S. 103, 110-111, 120 S.Ct. 2080, 2085, 147 L.Ed.2d 80 (2000), *Crawford & Company v. Apfel,* 235 F.3d 1298 (11th Cir. 2000), and is informal. *Richardson v. Perales,* 402 U.S. 389, 400-401, 91 S.Ct. 1420, 1426, 28 L.Ed.2d 842 (1971); *Kendrick v. Shalala*, 998 F.2d 455, 456 (7th Cir. 1993); 20 C.F.R. § 404.900(b). With informality comes a duty to develop a complete record as is done by European magistrates. *Kendrick,* 998 F.2d at 456. It is well established in this Circuit that the ALJ has an affirmative duty to develop a full and fair record. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995); *Lucas v. Sullivan*, 918 F.2d 1567, 1573 (11th Cir. 1990); *Smith v. Bowen*, 792 F.2d 1547, 1551 (11th Cir. 1986); *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). The duty to develop the record exists even though the plaintiff is represented by a lawyer or paralegal, as plaintiff was in this case. *Brown*, 44 F.3d at 934 (citing *Clark v. Schweiker*, 652 F.2d 399, 404 (5th Cir.Unit B July 1981)); *Smith*, 792 F.2d at 1551 (citing *Cowart*, 662 F.2d at 735). This duty requires that the ALJ "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited," *Cowart*, 662 F.2d at 735 (citations omitted), and "investigate the facts and develop the arguments

both for and against granting benefits." *Crawford & Company, supra*, 235 F.3d at 1304.

That does not mean, however, that the ALJ must search to the last document to find every possible piece of relevant evidence. Rather, he must have sufficient evidence to decide the case. The seminal cases in this circuit on the ALJ's duty to develop the record are *Ford v. Secretary of Health and Human Services*, 659 F.2d 66 (5th Cir. Unit B Oct. 15, 1981) and *Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984). Both held that it is not necessary for the ALJ to order a consultative examination unless the record established that such an examination was necessary to enable the ALJ to make a decision. Where he has sufficient information to decide the case, however, he can do so. *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (holding that where the record is complete and adequate to a decision, no showing of prejudice is made by failure to further develop the record).

After the ALJ's administrative hearing, Mr. Cooper's counsel specifically asked for such a mental health consultation, but the ALJ denied the request. The ALJ reasoned that there was no evidence of record that Mr. Cooper had ever sought psychiatric treatment, which suggested management of any symptoms; that vocational rehabilitation documents were silent with respect to mental health; that Mr. Cooper did not exhibit any such symptoms at the hearing; and that recent medical records made no mention of any such claim (Tr. 18).

During a personal contact with a state agent, Mr. Cooper said he had never been treated for mental health problems. He could not give examples of memory loss, and said that it happened only once in a while. He understood and answered all questions, did not seem confused, and engaged in the conversation without prompting (Tr. 178). Also, Mr. Cooper told a medical provider that he decided not to pursue vocational rehabilitation because it would negatively affect his disability application (Tr. 385, 387).

A state agency psychologist reviewed the medical records and opined that Mr. Cooper did not have a medically determinable mental impairment (Tr. 355-67).

The ALJ did not err in refusing to order a consultative examination. The ALJ supported her decision by noting that Mr. Cooper had never sought any psychiatric treatment (Tr.18). The ALJ noted that Mr. Cooper's mental status was near normal upon discharge from the hospital in 1988 after a head injury, and none of his subsequent treatment records revealed any mental functional limitations that would prevent him from working (Tr. 18, 243, 385, 388, 391). Mr. Cooper did not seek medical care until twenty-two years after his motorcycle accident, which was almost four years after his claimed onset of disability. Furthermore, Mr. Cooper's testimony showed that he was capable of appropriately and adequately answering all questions and maintaining appropriate behavior (Tr. 18). The ALJ also noted that he worked for many years following his 1988 accident with no evidence of any emergency room or in-patient treatment for mental health issues (Tr. 18, 21).

The ALJ's finding is further supported by the conclusions of state agency psychologist Dr. Mihm, the only mental health specialist who reviewed Plaintiff's medical records for evidence of a mental impairment or functional limitation due to memory loss. Dr. Mihm found no evidence that Mr. Cooper had a medically determinable mental impairment (Tr. 355). Moreover, the ALJ gave Mr. Cooper the benefit of every doubt, and accounted for his allegations of depression and memory loss by restricting him to "simple, routine, repetitive tasks, performed in a work environment free of fast paced production requirements involving only simple, work related decisions and routine work place changes" (Tr. 21-22; Finding No. 5).

Mr. Cooper contends that the ALJ failed to consider the opinions of the treating physicians, but points to no opinion of any treating physician that supports this contention. His argument that the ALJ failed to explain her reasons for discounting the opinions of any treating physician fails for the same reason.

Finally, Mr. Cooper contends that the ALJ erred in not considering the combination of his physical and mental disabilities. To the contrary, as noted above, the ALJ gave Mr. Cooper the benefit of the doubt and restricted his activities to

accommodate any possible mental problems. The ALJ did not err, and Mr. Cooper is not entitled to relief on this ground.

2. **Mr. Cooper's subjective complaints of pain.**

Mr. Cooper next contends that the ALJ erred in not properly applying the Eleventh Circuit's pain standard. As this court is well aware, pain is treated by the Regulations as a symptom of disability. Title 20 C.F.R. § 404.1529 provides in part that the Commissioner will not find disability based on symptoms, including pain alone, ". . . unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce these symptoms." *Accord* 20 C.F.R. § 416.929. The Eleventh Circuit has articulated the three-part pain standard, sometimes referred to as the *Hand*[1] test, as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *Lorenzi v. Commissioner of Social Sec.,* 550 F. App'x 855, 856 (11th Cir. 2013) (quoting *Wilson*); *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1216 (11th Cir. 1991).

The Eleventh Circuit has also approved an ALJ's reference to and application of the standard set out in 20 C.F.R. § 404.1529, because that regulation "contains the same language regarding the subjective pain testimony that this court interpreted when initially establishing its three-part standard." *Wilson, supra*, 284 F.3d at 1226. Thus, failure to cite to an Eleventh Circuit standard is not reversible error so long as the ALJ applies the appropriate regulation.

---

[1] *Hand v. Bowen*, 793 F.2d 275, 276 (11th Cir.1986) (the case originally adopting the three-part pain standard).

But "[w]hile both the Regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself." *Elam*, 921 F.2d at 1215. The Eleventh Circuit has held that "pain alone can be disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)(citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)); *Anderson v. Commissioner of Social Sec.*, 427 F. App'x 761, 764 (11th Cir. 2011) (citing *Foote*). However, the presence or absence of evidence to support symptoms of the severity claimed is a factor that can be considered. *Marbury*, 957 at 839-840; *Tieniber v. Heckler,* 720 F.2d 1251, 1253 (11th Cir. 1983).

Finally, if the Commissioner refuses to credit subjective testimony of the plaintiff concerning pain he must do so explicitly and give reasons for that decision. *MacGregor v. Bowen*, 786 F.2d at 1054. Where he fails to do so, the Eleventh Circuit has stated that it would hold as a matter of law that the testimony is accepted as true. *Holt v. Sullivan*, 921 F.2d at 1223; *MacGregor v. Bowen*, 786 F.2d at 1054. Although the Eleventh Circuit does not require an explicit finding as to a claimant's credibility, the implication must be obvious to the reviewing court. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. *Dyer*, 395 F.3d at 1210 (11th Cir. 2005) (internal quotations and citations omitted). And of course, the reasons articulated for disregarding the plaintiff's subjective pain testimony must be based upon substantial evidence. *Wilson*, 284 F.3d at 1225-1226; *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991); *Hurley v. Barnhart*, 385 F.Supp.2d 1245, 1259 (M.D. Fla. 2005).

Underlying the *Hand* standard is the need for a credibility determination concerning a plaintiff's complaints of pain. Those complaints are, after all, subjective. "[T]he ascertainment of the existence of an actual disability depend[s]

on determining the truth and reliability of [a claimant's] complaints of subjective pain." *Scharlow v. Schweiker*, 655 F.2d 645, 649 (5th Cir. 1981) (holding that the ALJ must resolve "the crucial subsidiary fact of the truthfulness of subjective symptoms and complaints").[2]  People with objectively identical conditions can experience significantly different levels of pain, and pain is more readily treated in some than in others.  "Reasonable minds may differ as to whether objective medical impairments could reasonably be expected to produce [the claimed] pain.  This determination is a question of fact which, like all factual findings by the [Commissioner], is subject only to limited review in the courts . . . ." *Hand, supra,* at 1548-49.  It is within the ALJ's "realm of judging" to determine whether "the quantum of pain [a claimant] allege[s] [is] credible when considered in the light of other evidence."  *Arnold v. Heckler*, 732 F.2d 881, 884 (11th Cir. 1984).  Thus, a physician may be told by a patient that he or she is in pain, and the physician may believe it, but the physician's opinion is not binding on the ALJ.  The evidence as a whole, including the existence of corroborating objective proof or the lack thereof, and not just a physician's belief or the plaintiff's claims, is the basis for the ALJ's credibility determination.

      Contrary to Mr. Cooper's generalized statement that the ALJ did not apply the correct pain standard, the ALJ noted that (1) Mr. Cooper's complaints were not credible to the extent that they were inconsistent with his ability to perform a range of light work, (2) his daily activities (shopping, being out of doors, going to church, doing household chores and preparing light meals) negated his claim, (3) there was no medical evidence to support his claim, and (4) he told a nurse at the ACORN Center that he was "advised by his lawyer not to pursue Voc Rehab at this time, due to possibility that his chances for Disability certification will be lost."  (Tr. 385).

---

[2] Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

From this the ALJ concluded that Mr. Cooper's decision not to seek rehabilitation was based on a reason that did not involve an impairment (Tr. 22).

Finally, it is noted that the central thrust of Mr. Cooper's argument refers to one of the ALJ's *conclusions* concerning credibility (which he quotes, in part, from the record), and urges this court to believe that the conclusion contains the entirety of the ALJ's reasoning.  Mr. Cooper may find it convenient to ignore the analysis that precedes and follows the quoted conclusion, but this court does not.  The record does not support a finding of disability based on the *Hand* test as there was no evidence of an underlying medical condition that could reasonably be expected to give rise to the claimed pain.  *Wilson,* 284 F. 3d at 1225.  The ALJ adequately explained her reasoning.  She did not err, and Mr. Cooper is not entitled to relief on this ground.

Accordingly, it is respectfully RECOMMENDED that the decision of the Commissioner be AFFIRMED, that this action be DISMISSED and that the clerk be directed to close the file.


At Pensacola, Florida this 21st day of May, 2014


/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).